In re: NORTHSTAR EDUCATION FINANCE, INC., CONTRACT LITIGATION.

MDL No. 1990.

United States Judicial Panel on Multidistrict Litigation.

Dec. 3, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, * DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiffs in the District of Minnesota action and the Eastern District of Michigan action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiffs in the District of Minnesota action have moved for centralization in the District of Minnesota; and (2) plaintiff in the Eastern District of Michigan action has moved for centralization in the Eastern District of Michigan or, alternatively, the District of Minnesota. Plaintiff in the remaining Central District of California action and common defendant Northstar Education Finance, Inc. (Northstar) agree that centralization is appropriate and support the District of Minnesota as transferee forum.

This litigation currently consists of three actions listed on Schedule A and pending in three districts, one action each in the Central District of California, the Eastern District of Michigan, and the District of Minnesota.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Northstar's suspension of its bonus program, in which Northstar offered a credit to borrowers who were no more than 59 days late in making loan repayments, was a breach of contract, and all actions are brought on behalf of overlapping putative nationwide classes of borrowers. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Minnesota is an appropriate transferee forum for this litigation. Northstar is headquartered within this district, and relevant discovery likely will be found there. Moreover, all parties agree that it is a suitable transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1990 — **IN RE: NORTHSTAR EDUC. FINANCE, INC., CONTRACT LITIGATION**

*Central District of California*
*Jennifer So v. NorthStar Education Finance, Inc.,* C.A. No. 2:08–4580

---

\* Judge Vratil did not participate in the disposition of this matter.

*Eastern District of Michigan*

*Jeffrey Pintar v. Northstar Education Finance, Inc.,* C.A. No. 2:08–13895

*District of Minnesota*

*John M. Guidos, et al. v. NorthStar Education Finance, Inc.,* C.A. No. 0:08–4837